United States District Court
Southern District of Texas

**ENTERED**

August 18, 2016

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IGNACIO  TALAVERA | § | |
| | § | |
| Plaintiff | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-03329 |
| | § | |
| UNITED STATES OF AMERICA | § | |

## OPINION AND ORDER

Pending before the Court in the above-referenced Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680, case is Defendant United States of America's ("United States") Motion to Dismiss or for Summary Judgment (Doc. 10) and Plaintiff Ignacio Talavera's ("Talavera") Motion to Refer to Alternative Dispute Resolution (Doc. 14). Upon review of the motions, responses thereto,[1] the relevant legal authority, and for the reasons explained below, the Court finds that Defendant's motion should be granted. Plaintiff's motion is denied.

### I.  BACKGROUND

On July 19, 2012, Talavera was stopped in his vehicle when he was struck from behind by United States Postal Service ("USPS") driver Ronald Jackson ("Jackson"). (Doc. 10 at 1.) Because Jackson was within the scope of his employment at the time of the incident, USPS paid $357.23 to Talavera's employer for damage to a trailer-hitch coupler and $4,183.09 to Texas Mutual Insurance Company as reimbursement for workers' compensation benefits paid to Talavera. (*Id.* at 1–2.) Talavera subsequently submitted an administrative claim to USPS on September 9, 2013, well within the FTCA's two-year statute of limitations. (*Id.*) Before receiving a response from USPS as to his claim, however, Talavera's counsel filed a negligence

---

[1] Talavera filed a response (Doc. 11) and the Unites States filed a reply (Doc. 12) to the United States' Motion to Dismiss or for Summary Judgment.

lawsuit in state court against Jackson and USPS on March 17, 2014, asserting that Talavera was injured by Jackson while Jackson was in the course and scope of his employment for USPS. (Docs. 11 at ¶ 10; 11-5 at ¶ 7.)

The next day, March 18, 2014, USPS formally denied Talavera's administrative claim by sending a denial letter via certified mail with return receipt requested. (Doc. 10 at 3.) This letter advised Talavera of his right to file suit in district court under the FTCA if he was dissatisfied with USPS's decision.[2] (*Id.*) Talavera's counsel, the Dunk Law Firm, received the letter on March 21, 2014. (Doc. 10-1 at 9–11.) Just over a month later, on April 24, 2014, Talavera filed a motion for substitution of counsel. (Doc. 12-2.) A few days after that,[3] Talavera attempted to serve process in his state-court suit on Jackson and USPS at a USPS retail location by leaving a "Citation Corporate" addressed to the "United States Postal Service By Serving Its Registered Agent at 8205 Braesmain Houston TX 77025" on the counter. (Doc. 12-3.) However, no one on the premises was authorized to receive service for either Jackson or USPS. (*Id.*)

On November 3, 2014, the state court granted the United States' motion to dismiss for

---

[2] The denial letter read:

> In accordance with 28 U.S.C. § 2401(b) and 39 C.F.R. 912.9(a), if dissatisfied with the Postal Service's final denial of an administrative claim, a claimant may file suit in the United States District Court no later than six (6) months after the date the Postal Service mails the notice of that final action. Accordingly, any suit filed in regards to this denial must be filed no later than six (6) months from the date of the mailing of this letter, which is the date shown above. Further, note the United States of America is the only proper defendant in a civil action brought pursuant to the Federal Tort Claims Act and such suit may be heard only by a federal district court.

(Doc. 10 at 3.)
[3] The parties dispute on which day service was attempted. Talavera argues it was April 28 (Doc. 11 at ¶ 12), the exhibit Talavera cites in support of this date shows a date of April 25 (Doc. 11-7), and the USPS station manager of the location where the "Citation Corporate" was left stated that it was May 2 (Doc. 12-3).

lack of subject-matter jurisdiction. (Doc. 11 at ¶ 13.) Talavera subsequently filed suit in this Court on November 20, 2014, more than eight months after USPS sent his denial letter, seeking $115,000,000 in damages. (Doc. 10 at 4.) Invoking the FTCA's statute of limitations, the United States now moves for a motion to dismiss or for summary judgment on the grounds that Talavera failed to properly file his claim within six months of receiving the notice of the denial of his administrative claim. (Doc. 10.)

## II.  STANDARD OF REVIEW

### A.  Rule 12(b)(1)

Rule 12(b)(1) allows a party to move for dismissal of an action for lack of subject-matter jurisdiction. Fed R. Civ. P. 12(b)(1). The party asserting that subject-matter jurisdiction exists, here the plaintiff, must bear the burden of proof by a preponderance of the evidence for a 12(b)(1) motion. *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008) (citation omitted); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citation omitted). In reviewing a motion under 12(b)(1) the court may consider "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

A motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) is characterized as either a "facial" attack, i.e., the allegations in the complaint are insufficient to invoke federal jurisdiction, or as a "factual" attack, i.e., the facts in the complaint supporting subject-matter jurisdiction are questioned. *In re Blue Water Endeavors, LLC*, Bankr. No. 08-10466, Adv. No. 10-1015, 2011 WL 52525, at *3 (E.D. Tex. Jan. 6, 2011) (citing *Rodriguez v. Texas Comm'n of Arts*, 992 F. Supp. 876, 878–79 (N.D. Tex. 1998), *aff'd*, 199 F.3d 279 (5th Cir.

2000)). A facial attack occurs when a defendant files a Rule 12(b)(1) motion without accompanying evidence. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). In these attacks, allegations in the complaint are simply taken as true. *Blue Water*, 2011 WL 52525, at *3 (citing *Saraw P'ship v. United States*, 67 F.3d 567, 569 (5th Cir. 1995)).

In contrast, a defendant making a factual attack may provide supporting affidavits, testimony, or other admissible evidence to show that subject-matter jurisdiction is lacking. *Paterson*, 644 F.2d at 523. To satisfy his burden of proof, the plaintiff may then respond by submitting evidence to show that subject-matter jurisdiction does in fact exist. *Id.* At this point, the court may consider any evidence submitted by the parties that is relevant to the issue of jurisdiction. *Id.* (citing *Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir. 1989)). However, the court's consideration of such matters outside the pleadings does not convert the motion to one for summary judgment under Rule 56(c). *Robinson v. Paulson*, H-06-4083, 2008 WL 4692392, at *10 (S.D. Tex. Oct. 28, 2008) (citing *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997)). This is so because:

> Unlike in a facial attack where jurisdiction is determined upon the basis of allegations of the complaint, accepted as true[,] when a factual attack is made upon federal jurisdiction, no presumption of truthfulness attaches to the plaintiffs' jurisdictional allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In a factual attack, the plaintiffs have the burden of proving that federal jurisdiction does in fact exist.

*Evans v. Tubbe*, 657 F.2d 661, 663 (5th Cir. 1981) (citation omitted).

In resolving a factual attack on subject-matter jurisdiction under Rule 12(b)(1), the district court, which does not address the merits of the suit, has significant authority "'to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *Robinson*, 2008 WL 4692392, at *10 (quoting *Garcia*, 104 F.3d at 1261 and citing *Clark v. Tarrant Cnty.*, 798 F.2d 736, 741 (5th Cir. 1986)). Thus, a court may sua sponte raise a Rule 12(b)(1) motion to

4 / 14

dismiss for lack of subject-matter jurisdiction at any time. *Westland Oil Dev. Corp. v. Summit Transp. Co.*, 481 F. Supp. 15, 19 (S.D. Tex. 1979) (citations omitted), *aff'd*, 614 F.2d 768 (1980). *See also Kidd v. Sw. Airlines Co.*, 891 F.2d 540, 545 (5th Cir. 1990) ("[F]ederal courts must address jurisdictional questions *sua sponte* when the parties' briefs do not bring the issue to the court's attention."). The Court's dismissal of a case for lack of subject-matter jurisdiction is not a judgment on the merits and does not preclude the plaintiff from pursuing his claim in a court that properly has jurisdiction. *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam).

### B.  Rule 56(c)

Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute over such a fact is genuine if the evidence presents an issue "that properly can be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Initially, the moving party bears the burden of identifying evidence that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the nonmovant bears the burden of proof at trial, the movant need only point to the absence of evidence supporting an essential element of the nonmovant's case; it does not have to support its motion with evidence negating the case. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Celotex*, 477 U.S. at 323). The nonmovant then can defeat the motion for summary judgment only by identifying specific evidence of a genuine issue of material fact. *Anderson*, 47 U.S. at 248–49 (internal citation and quotation marks omitted).

### III. Discussion

Talavera asserts that he abided by the statutory requirements of the FTCA by writing to

the appropriate federal agency within two years of the accrual of his claim and filing suit in state court within six months of the mailing date of the final denial of his claim. (Doc. 11 at ¶¶ 9–10.) He further claims that at the time the denial letter was received by the Dunk Law Firm on March 21, 2014, the firm was no longer representing him and, therefore, he never received notification. (*Id.* at ¶ 10.) Talavera asserts that USPS was aware that he had a new attorney after denying his claim but failed to provide new counsel with information about the denial, knowing that Talavera only had six months to file suit. (*Id.* at ¶ 11.) Talavera argues that since notice of the denial of his claim was never received, the six-month deadline could not have run. (*Id.* at ¶ 15.) In the alternative, Talavera avers that the statute of limitations should be tolled due to USPS's failure to notify new counsel of the denial, waiting seven months before filing a motion to dismiss or motion for summary judgment with the state court, and not removing the case to federal court despite knowing it was the proper forum. (*Id.* at ¶ 16.)

The FTCA acts as a limited waiver of sovereign immunity allowing the United States to be sued in district court for negligent or wrongful acts or omissions of its employees while acting within the scope of their duties. 28 U.S.C. §§ 1346(b), 2671, 2680; *FDIC v. Myer*, 510 U.S. 471, 477 (1994); *McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir. 1998). Under the FTCA, federal agencies and employees cannot be sued in their own names. *Galvin v. OSHA*, 860 F.2d 181, 183 (5th Cir. 1988). Rather, the United States is the only proper defendant and the remedy is exclusive of any other civil action or proceeding. 28 U.S.C. § 2679(b)(1); *Waters v. Smith*, 409 Fed. App'x 782, 783 (5th Cir. 2011) (per curiam).

Although phrased in the disjunctive, under section 2401(b) of the FTCA,[4] a tort claim

---

[4] 28 U.S.C. § 2401(b) reads:

against the United States is barred if an administrative claim is not filed within two years of accrual of the claim *and* suit is not filed within six months of its denial. *Ramming*, 281 F.3d at 162. Accordingly, "a suit instituted within two years from the date the claim accrued, but more than six months after the notice by [certified or] registered mail of the denial of the claim [is] barred by § 2401(b). . ." *Childers v. United States*, 442 F.2d 1299, 1301 (5th Cir. 1971). For notice of denial to be effective, it may be sent to the claimant, his attorney, or legal representative. 28 C.F.R. § 14.9.

### a. Denial of Talavera's claim began the six-month limitation period

The Court finds Talavera's argument that he never received notice unpersuasive and unavailing. An FTCA claimant need not receive actual notice of the denial of his administrative claim for the statute of limitations to begin to run; notice to his attorney of record is sufficient. *See Childers*, 442 F.2d at 1303 (holding that receipt of denial by claimant's attorney, even though claimant was never notified, was effective to start the FTCA's six-month limitation period). The denial of Talavera's claim was sent by certified mail and received by the Dunk Law Firm on March 21, 2014. (Doc. 10-1 at 11.) Talavera did not submit a motion for substitution of counsel until April 24, 2014, and the order granting his motion was not signed until April 30, 2014. (Doc. 12-2.) The record is clear: whether Talavera had consulted with his attorneys about terminating the representation on March 18 as he alleges (*see* Doc. 11-6), Talavera's denial was received while he was still officially represented by the Dunk Law Firm and mailed before USPS had knowledge of the firm's termination. (Doc. 10-1 at 9–11.) Accordingly, notice of his denial

---

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

complied with the terms of the FTCA and was effective to start the six-month limitation period. *See Childers*, 442 F.2d at 1303. The only question remaining is whether equitable tolling should apply because Talavera was not advised of the denial of his claim by his firm, filed suit in state court within the statutory deadline, and the United States failed to remove the case to federal court within the statutory deadline.

### b. Equitable tolling does not apply

Because the FTCA's time bars are nonjurisdictional, they are subject to equitable tolling. *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1638 (2015). Nevertheless, equitable tolling is a narrow remedy "to be applied 'sparingly.'" *Granger v. Arron's Inc.*, 636 F.3d 708, 712 (5th Cir. 2011) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)). The claimant bears the burden of justifying equitable tolling. *Trinity Marine Prods. v. United States*, 812 F.3d 481, 486 (5th Cir. 2016) (citing *Hood v. Sears Roebuck & Co.*, 168 F.3d 231, 232 (5th Cir. 1999).

Equitable tolling should not be granted when a plaintiff fails to show that he pursued his remedy with due diligence and cannot prove that the defendant prevented him from filing his action. *Wilson v. U.S. Penitentiary Leavenworth*, Fed. App'x 397, 399 (5th Cir. 2011). Nor is equitable tolling warranted when there is no suggestion that the plaintiff was induced or tricked into allowing the deadline to pass, nor any evidence of other extraordinary circumstances. *Carter v. McHugh*, 869 F. Supp. 2d 784, 790–92 (W.D. Tex. 2012). Possible bases for equitable tolling include: (1) the pendency of a suit between the same parties in the wrong forum; (2) plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional concealment of them; and (3) an agency misleading the plaintiff about the nature of her rights. *See Wilson v. Sec'y, Dep't of Veterans Affairs*, 65 F.3d 402, 404 (5th Cir. 1995) (per curiam).

Although the possible bases are not an exhaustive list, Talavera has failed to present any evidence that equitable tolling should apply in this case. First, his argument that his claim should be tolled because of the Dunk Law Firm's failure to advise him of the denial fails. A complaint that is untimely filed because of error or neglect by an attorney does not warrant equitable tolling. *Granger*, 636 F.3d at 712.

Second, Talavera relies on *McGowan v. Williams*, 623 F.2d 1239, 1241 (7th Cir. 1980) to argue that the original filing date of his state-court suit should be deemed effective for purposes of the statute of limitation provided by 28 U.S.C. § 2401(b), thereby tolling the six-month limitation period for him to file his claim in federal court. (Doc. 11 at ¶ 16.) Talavera's reliance on *McGowan* is misplaced. The Fifth Circuit has already rejected the reasoning of *McGowan* in a suit very similar to Talavera's. *See Houston v. USPS*, 823 F.2d 896, 903 (5th Cir. 1987).

As Talavera seeks to do here, the plaintiff in *Houston* sought shelter from the FTCA's statute of limitations by asserting that the filing date of his state-court suit fell within the deadlines of § 2401(b). *Id.* In that case, plaintiff Houston filed a state-court claim against both USPS and the USPS driver that hit him one year after the accident giving rise to his claim. *Id.* at 897. At Houston's direction, process was not issued or served on either of the defendants at this time. *Id.* Almost a year later, but just inside the FTCA's two-year deadline, Houston then filed an administrative claim with the USPS. *Id.* Several months later, USPS notified Houston's attorney of the denial of his claim. *Id.* However, because of his attorney's oversight, it was not until almost two years after the administrative denial that Houston finally served process on the defendants in his state-court case. *Id.* at 897–98.

On these facts, the *Houston* court concluded that Houston's state suit did not toll the limitations period of 2401(b) because, as was Talavera's state suit in this case, it was filed *before*

he received denial of his claim. *Id.* at 904. As to Houston's reliance on *McGowan*, the Fifth Circuit concluded that his situation was easily distinguishable from *McGowan* for two reasons. *Id.* at 903. First, the driver in *McGowan* had received proper notice of the plaintiff's action within the Section 2401(b) time limitation and, second, "unlike the plaintiff in *McGowan*, Houston is relying on a suit brought *before* he had exhausted his administrative remedies." *Id.*

Talavera's claims are similarly distinguishable from *McGowan*: as explained below, neither Jackson nor the United States received proper notice of the earlier state-court suit within the time limitation of § 2401(b), and Talavera's claim was also brought before his administrative remedies were exhausted (i.e., before he received denial of his claim). As the Fifth Circuit has explained, "the mere pendency of [a] defective suit during the six-month limitations period, a suit the United States was not formally notified of until much later, d[oes] not begin an action under section 2401(b)." *Id.* at 904.

Talavera further argues that (1) post-denial service in his state-court suit was effective, making USPS aware of the suit within the limitations period and triggering the government's duty to remove the suit to federal court; and (2) USPS was aware that Talavera had a new attorney but did not notify counsel that the claim had been denied (Doc. 11 at ¶¶ 10–12, 14.) Because USPS was armed with this knowledge but waited until the statute of limitations had run before filing a motion to dismiss or for summary judgment, Talavera alleges he was "sandbagged." (*Id.* at 16.)

Talavera directs the Court to no authority for the argument that USPS had a continuing obligation to notify new counsel of the denial of his claim—because there is none. Nevertheless, with regard to Talavera's claim that post-denial service was effective, there is an issue raised by *Houston* that the Court must address. In a footnote in that opinion, the Fifth Circuit stated that if

the United States *was served* in a state-court suit within six months *after* an administrative denial and removed the case to federal court within that time, the action *may* have timely commenced under section 2401(b), even if the state-court suit was prematurely filed (i.e., before denial of the administrative claim). *Houston*, 823 F.2d at 904 n.5. The court went on to note that although the "prudent plaintiff[] will always institute a fresh suit against the United States in federal court sometime in the six months that follow the administrative denial," this theory *might* also extend to an assertion of jurisdiction if the United States was served within the six months after the administrative denial and proceeded to intentionally sandbag plaintiff by waiting for the limitations period to expire before removing the case. *Id.*

The *Houston* court's statements in this footnote appear to indicate that the Fifth Circuit may allow for the tolling of the limitations period by a prematurely filed state-court suit, as long as the defendant has notice of the suit at some point during the § 2401(b) timeline by proper service of process. Under this reasoning, the dispositive question in the instant case is whether Defendants USPS and Jackson received proper notice of the earlier state-court suit sometime after the denial letter was issued and the limitations period began to run.

To constitute valid notice of suit, a plaintiff must comply with either the federal or state rules for service of process. *See Liska v. United States*, 2010 WL 1038652, at *4 (D. Ariz. Mar. 19, 2010) ("The federal rules regarding service of process apply to civil actions removed to the district courts after removal, but if process was properly issued and timely served under state law before removal, the service remains sufficient after removal." (citing *Nealy v. Transportacion Maritma Mexicana, S.A.*, 662 F.2d 1275, 1282 (9th Cir. 1980)). "When service of process is challenged, the serving party bears the burden of establishing its validity." *People's United Equip. Fin. Corp. v. Hartmann*, 447 Fed. App'x 522, 524 (5th Cir. 2011) (citing *Aetna Business*

*Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir.1981)).

### i.  *Service on Jackson was insufficient to provide notice of suit*

In this case, Talavera failed to comply with the Federal Rules of Civil Procedure in relation to service of process on Jackson. Under federal law, when a party sues a United States employee in the employee's individual capacity for an act or omission that occurred in connection with the duties performed on the United States' behalf, a party must serve both the United States and the employee under Rule 4(e), (f), or (g). Fed. R. Civ. P. 4(i)(3). As discussed in the next section, Talavera presents no evidence that the United States was ever served. Further, no evidence shows that Jackson was personally served with a copy of the summons and complaint, that the summons and complaint were left with anyone at his usual place of abode, or that the summons and complaint were left with a registered agent in accordance with Rule 4(e).

Talavera also failed to comply with state rules for service on Jackson. In Texas, an individual is properly served by:

> (1) delivering a copy of the citation with a copy of the petition attached to the defendant in person, after endorsing the date of delivery on the citation; or (2) mailing a copy of the citation with a copy of the petition attached to the defendant by registered or certified mail, restricted delivery, with return receipt or electronic return receipt requested.

Tex. R. Civ. P. 103, 501.2(b). The plaintiff bears the burden to present evidence showing what efforts were made to serve the defendant, and to explain each lapse in effort or period of delay. *Proulx v. Wells*, 235 S.W.3d 213, 216 (Tex. 2007) (citation omitted). Talavera does not assert any claims or evidence that the summons or complaint were personally delivered or mailed to Jackson. The only document to which Talavera directs the Court's attention is a "Citation Corporate" that indicates it was left with a station manager at a USPS retail location. However, there is no explanation as to why this USPS retail location was chosen or why the station

manager would be considered a registered agent. This is insufficient to satisfy Talavera's burden.

### ii.  *Service on USPS was insufficient to provide notice of suit*

With regard to USPS, the Federal Rules require a party who serves process on the United States to (1) deliver a copy of the summons and of the complaint to the United States Attorney for the district in which the action is brought, or to send a copy of each by registered or certified mail to the civil process clerk at the United States Attorney's office; and (2) send a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C. Fed. R. Civ. P. 4(i)(1)(A),(B). To serve a United States agency or corporation, process must be served upon the agency by (1) serving the United States pursuant to Fed. Civ. P. 4(i)(1)(A),(B); and (2) sending a copy of the summons and of the complaint by registered or certified mail to the federal agency, corporation, or employee named as defendant. Fed R. Civ. P. 4(i)(2). Talavera failed to comply with these rules. A "Citation Corporate" was left at a USPS retail location with a station manager and no further action was taken.

Talavera also failed to comply with the state rules. Again, Talavera bears the burden to present evidence showing what efforts were made to serve the defendant, and to explain each lapse in effort or period of delay. *Proulx*, 235 S.W.3d at 216 (citation omitted). Talavera provides no evidence of proper state service for USPS other than the "Citation Corporate" left at a USPS retail location. The Court concludes this is insufficient to meet his burden.

Having determined that USPS and Jackson were not properly served under either state or federal rules, Talavera's allegations of "sandbagging" are without merit. USPS and Jackson were not properly served, either before or after the denial of Talavera's administrative claim, and cannot be said to have received proper notice of the suit within the time limit proscribed by §

2401(b). As a result, the question left open by the *Houston* court is left unaddressed by this case.

In sum, the Court concludes that Talavera's claim must be dismissed for failing to satisfy the statutory requirements of 28 U.S.C. § 2401(b) and failing to provide evidence to support the application of equitable tolling. The Court need not consider Talavera's Motion to Refer to Alternative Dispute Resolution (Doc. 14) and it is denied as moot.

### IV. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Defendant's Motion to Dismiss or Motion for Summary Judgment, (Doc. 10) is **GRANTED**. Plaintiff's claims are **DISMISSED WITH PREJUDICE**. Accordingly, it is further

**ORDERED** that Talavera's Motion to Refer to Alternative Dispute Resolution (Doc. 14) is **DENIED.**

SIGNED at Houston, Texas, this 17th day of August, 2016.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE